UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOEL RAMIREZ,<br><br>               Plaintiff,<br><br>         v.<br><br>BJ DISTRIBUTION, LLC d/b/a<br>BROTHER JIMMY'S BBQ and JIMMY<br>GOLDMAN,<br><br>               Defendants. | Civil Action No. 10 CV 1169 (AKH) (HBP) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THIRD PARTY GREEN APPLE BBQ TO COMPLY WITH SUBPOENA

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ...................................................................................................................... 4

    THE COURT SHOULD COMPEL ENFORCEMENT OF THE SUBPOENA ....................... 4

        A.   Green Apple BBQ Possesses Information, Which Is Relevant To Defendant's Counterclaim. ........................................................................................ 4

        B.   Defendant's Documents Requests Seek Documents Which Are Relevant To Its Counterclaim And Green Apple BBQ's Objections Do Not Justify Its Complete Failure To Respond To Defendant's Lawfully Issued Subpoena. ................................. 5

        C.   Applicable Precedent Supports Defendant's Motion. ....................................... 6

CONCLUSION ................................................................................................................... 7

## **PRELIMINARY STATEMENT**

Defendant BJ Distribution, LLC d/b/a Brother Jimmy's BBQ, ("Defendant") respectfully submits this Memorandum of Law in support of its motion to compel third party Green Apple BBQ to comply with the subpoena *duces tecum* Defendant issued on July 15, 2010 pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45.

On or about February 16, 2010, Plaintiff Noel Ramirez filed the instant lawsuit against Defendant and Jimmy Goldman asserting claims under the Fair Labor Standards Act and the New York Labor Law.[1] On or about March 26, 2010, Defendant timely answered Plaintiff's Complaint and asserted a counterclaim against Plaintiff for his breach of the duty of loyalty owed to Defendant. Ekelman Aff., Exhibit "A," Counterclaim.[2]

In its counterclaim, Defendant alleges that during the course of Plaintiff's employment by Defendant, Plaintiff committed a series of disloyal acts. Specifically, Defendant alleges that Plaintiff provided Green Apple BBQ, a restaurant serving barbecue cuisine like Defendant and which is owned by Plaintiff's brother, with Defendant's unique and proprietary recipes. Id. at Counterclaim ¶¶ 15, 17, 20.[3] Defendant further claims that Plaintiff provided Green Apple BBQ with information about Defendant's suppliers and vendors and contacted Defendant's suppliers and vendors. Id. at Counterclaim ¶ 55.

On or about April 23, 2010, Plaintiff filed a motion to dismiss Defendant's Counterclaim, which the Court denied because Defendant "state[d] a claim for relief." The Court found that the "counterclaims raise issues of fact that are not properly resolved on a Rule

---

[1] On February 17, 2010, a summons was issued for Defendant and Jimmy Goldman. The last day for Plaintiff to serve Mr. Goldman was on or about June 17, 2010. To date, Mr. Goldman has not been served and thus, he is an improper defendant to this action.

[2] All references to the August 13, 2010 Affidavit of Felice B. Ekelman, Esq. are referred to herein as "Ekelman Aff."

[3] All references to Defendant's March 26, 2010 Answer and Affirmative and Other Defenses to Plaintiff's Complaint which included Defendant's counterclaim are referred to herein as "Counterclaim."

1

12 motion." Ekelman Aff., Exhibit "B." Following the Court Order, on or about July 16, 2010, Defendant served a subpoena *duces tecum* on third party Green Apple BBQ which contained twelve document requests. Ekelman Aff., Exhibit "C." As discussed further below, the documents requested are intended to reveal connections between Green Apple BBQ and Plaintiff and parallel business practices between Green Apple BBQ and Defendant which Defendant believes Green Apple BBQ learned about from Plaintiff.

Specifically, Defendant requested the following categories of documents: (1) any and all documents in the possession, custody or control of Green Apple BBQ, its employees or designees regarding Plaintiff; (2) any and all documents relating to Green Apple BBQ's recipes; (3) any and all invoices from vendors regarding Green Apple BBQ's food purchases; (4) any and all documents reflecting goods Green Apple BBQ ordered from food vendors; (5) any and all documents reflecting all food vendors Green Apple BBQ contacted or retained; (6) any and all Green Apple BBQ menus, including drafts from the time to restaurant opened through the present; (7) any and all documents reflecting payments made by Green Apple BBQ to Plaintiff; (8) any and all documents reflecting any work performed or services rendered by Plaintiff to or on behalf of Green Apple BBQ; (9) any and all documents reflecting loans Plaintiff paid on behalf of Green Apple BBQ; (10) any and all documents reflecting any money paid by Plaintiff to or on behalf of Green Apple BBQ; (11) any and all documents which reflect the ownership of Green Apple BBQ; and (12) any and all general ledgers from Green Apple BBQ reflecting any supplies and/or food purchased. Id.

On or about July 23, 2010, Plaintiff answered Defendant's Counterclaim. Ekelman Aff., Exhibit "D." In his answer, Plaintiff admitted some significant facts which bear on Defendant's Counterclaim. Specifically, Plaintiff admitted:

2

- He was responsible for ordering food and supplies for Brother Jimmy's commissary. Counterclaim ¶ 11.

- By virtue of his position with Brother Jimmy's, Plaintiff had access to and knew the vendors and suppliers who worked with Brother Jimmy's commissary. Id. at ¶ 12.

- Green Apple BBQ's menu features a "Pulled Pork sandwich w/carolina sauce." Brother Jimmy's menu features Carolina Pulled Pork "with brother jimmy's carolina sauce." Id. at ¶ 19.

- While still employed by Brother Jimmy's, Plaintiff contacted Brother Jimmy's meat vendor to ask him to supply to Green Apple BBQ with the same cuts of meat that the vendor supplies to Brother Jimmy's. Id. at ¶ 24.

See also Ekelman Aff., Exhibit "D."

On July 29, 2010, Green Apple BBQ served Green Apple BBQ's Response to Defendants' [sic] Subpoena ("Objections") by and through its attorney Joseph, Herzfeld, Hester & Kirschenbaum LLP **(the same attorneys representing Plaintiff in the instant action)**. Ekelman Aff., Exhibit "E." While the document purports to provide responses to Defendant's subpoena, it submits objections only. In this regard, Green Apple BBQ did not produce a single document responsive to the subpoena. Rather, Green Apple BBQ asserted numerous boiler-plate objections which are without foundation.

Accordingly, for the following reasons, Defendant respectfully requests that the Court compel Green Apple BBQ to comply with Defendant's properly served, reasonably tailored subpoena for relevant documents pursuant to Fed. R. Civ. P. 45.

3

## ARGUMENT

## THE COURT SHOULD COMPEL ENFORCEMENT OF THE SUBPOENA

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). In the Second Circuit, "this obviously broad rule is liberally construed." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). Pursuant to Rule 45, a party may serve document requests upon third parties to obtain relevant information. Fed. R. Civ. P. 45. If the third party objects to the subpoena, the party serving the subpoena may, at any time, move for an order to compel the production. Fed. R. Civ. P. 45(c)(2)(B).

### A. Green Apple BBQ Possesses Information, Which Is Relevant To Defendant's Counterclaim.

The crux of Defendant's Counterclaim is its allegation that during the course of Plaintiff's employment by Defendant, Plaintiff: provided Green Apple BBQ with Defendant's unique and proprietary recipes; provided Green Apple BBQ with information about Defendant's suppliers and vendors; and contacted Defendant's suppliers and vendors. Ekelman Aff., Exhibit "A," Counterclaim ¶¶ 15, 17, 20, 55. Plaintiff admits that he: was responsible for ordering food and supplies for Brother Jimmy's commissary; had access to and knew the vendors and suppliers who worked with Brother Jimmy's commissary; Green Apple BBQ's menu contains items with indistinguishable names to those contained on Brother Jimmy's menu; and **while still employed by Brother Jimmy's**, Plaintiff contacted a Brother Jimmy's vendor to request that he supply

4

identical cuts of meat to those supplied to Brother Jimmy's. Ekelman Aff., Exhibit "D," ¶ 11, 12, 19, 24.

    **B.**    **Defendant's Documents Requests Seek Documents Which Are Relevant To Its Counterclaim And Green Apple BBQ's Objections Do Not Justify Its Complete Failure To Respond To Defendant's Lawfully Issued Subpoena.**

Defendant's requests properly seek relevant documents relating to: Plaintiff's relationship with Green Apple BBQ (Request Nos. 1, 7 - 11); and Green Apple BBQ's menus recipes, supplies and vendors (Request Nos. 2 – 6, 12). Ekelman Aff., Exhibit "C." Each of these topics is a proper subject of discovery in light of Defendant's allegations against Plaintiff, and the undisputed facts in this case.

Moreover, Green Apple BBQ's objections are without foundation and do not justify its failure to comply with the subpoena. For example, in its general objections, Green Apple BBQ objected on the grounds of privilege. Ekelman Aff., Exhibit "E," page 2. However, Green Apple BBQ did not produce a privilege log or otherwise identify any allegedly privileged documents. See MercExhcange, LLC v. Half.Com, Inc., No. 3:07mc38(JBA), 2007 U.S. Dist. LEXIS 9945 (D. Ct. Feb. 9, 2007) (finding failure of a third party to produce a privilege log in response to a subpoena violated Fed. R. Civ. P. 26(b)(5)).

In response to each specific Request, Green Apple BBQ responded "Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ."[4] Ekelman Aff., Exhibit "E." Repeatedly asserting this boilerplate objection is insufficient to defeat enforcement of the subpoena. Each request seeks discovery of relevant documents that relate

---

[4] In Response to Request No. 2, which seeks documents relating to Green Apple BBQ's recipes, Plaintiff also asserted without any supporting basis, that the request "seeks potentially proprietary and confidential information." See Ekelman Aff., Exhibit "E," page 5. To the extent Green Apple BBQ believes that this request would elicit confidential information, Defendant would be amenable to discussing an appropriate protective order.

5

directly to Defendant's Counterclaim. Thus, Green Apple BBQ's assertion that Defendant's Requests are "overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence" is without foundation. Moreover, the claim that the Requests are intended to harass Green Apple BBQ is groundless.

### C. Applicable Precedent Supports Defendant's Motion.

On similar facts, courts in the Second Circuit have enforced motions to compel. In MercExhcange, 2007 U.S. Dist. LEXIS 9945, the District of Connecticut granted the defendants' motion to compel a third party to comply with a subpoena *duces tecum* over the third party's objection. As in the instant action, the lawyer for the plaintiff also represented the third party. The court rejected each objection and found the objections to be generally without foundation. See also Westernbank Puerto Rico v. Kachkar, No. M8085 X3 (Part 1), 2009 U.S. Dist. LEXIS 75419 (S.D.N.Y. Mar. 26, 2009) (ordering production of relevant, non-privileged documents in response to motion to compel).

Because Defendant's subpoena seeks relevant, non-privileged documents and Green Apple BBQ's objections do not support its failure to comply, Defendant respectfully requests that the Court compel Green Apple BBQ to comply with the subpoena *duces tecum*.

## CONCLUSION

As set forth above, Defendant BJ Distribution, LLC d/b/a Brother Jimmy's BBQ respectfully requests that the Court enter an Order: (1) compelling Green Apple BBQ to comply with the subpoena *duces tecum*; (2) awarding Defendant the fees and costs it has incurred in opposing the instant motion to dismiss; and (3) awarding Defendant such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          JACKSON LEWIS LLP
          59 Maiden Lane
          New York, New York 10038
          (212) 545-4000

          By: */s/ Felice B. Ekelman*
               Felice B. Ekelman (FE 5692)
               Allison C. Spivak (AS 1628)

          ATTORNEYS FOR DEFENDANT

Dated: August 13, 2010
       New York, New York

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2010, true and correct copies of the foregoing Notice of Motion to Compel Third Party Green Apple BBQ to Comply With Subpoena, Affidavit of Felice B. Ekelman, Esq. in Support of Defendant's Motion to Compel Third Party Green Apple BBQ to Comply With Subpoena and Defendant's Memorandum of Law in Support of its Motion to Compel Third Party Green Apple BBQ to Comply With Subpoena were served upon the following counsel for Plaintiff and Third Party Green Apple BBQ, at the address below, by placing two copies of said documents in a properly addressed postage-prepaid envelope and mailing them by regular mail:

>D. Maimon Kirschenbaum
>Joseph, Herzfeld, Hester & Kirschenbaum LLP
>757 Third Avenue
>25th Floor
>New York, New York  10017

*/s/ Allison C. Spivak*
Allison C. Spivak
