JACKSON LEWIS LLP
59 Maiden Lane
New York, New York  10038
(212) 545-4000
Attorneys of Record for Defendant:
      Felice B. Ekelman (FE 5692)
      Allison C. Spivak (AS 1628)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOEL RAMIREZ,<br><br>          Plaintiff,<br><br>          v.<br><br>BJ DISTRIBUTION, LLC d/b/a<br>BROTHER JIMMY'S BBQ and JIMMY<br>GOLDMAN,<br><br>          Defendants. | Civil Action No. 10 CV 1169 (AKH) (HBP)<br><br>**AFFIDAVIT OF FELICE B. EKELMAN, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL THIRD PARTY GREEN APPLE BBQ TO COMPLY WITH SUBPOENA** |

STATE OF NEW YORK   }
                  }  SS.:
COUNTY OF NEW YORK  }

      FELICE B. EKELMAN, ESQ., an attorney in good standing, admitted to practice before the United States District Court for the Southern District of New York, deposes and says:

      1.      I am a member of the law firm Jackson Lewis LLP, attorneys of record for Defendant BJ Distribution, LLC d/b/a Brother Jimmy's BBQ ("Defendant") in connection with the above-captioned action.  As such, I am fully familiar with the facts set forth herein.  I make this Affidavit in support of Defendant's Motion to Compel Third Party Green Apple BBQ to Comply With Subpoena pursuant to Federal Rules of Civil Procedure 45.

      2.      Attached hereto are true and correct copies of the following documents:

Exhibit A:     Defendant's March 26, 2010 Answer and Affirmative and Other Defenses to Plaintiff's Complaint.

Exhibit B:   The Court's June 28, 2010 Order Denying Motion to Dismiss Counterclaim.

Exhibit C:   Defendant's July 15, 2010 Subpoena Duces Tecum to Green Apple BBQ with proof of service.

Exhibit D:   Plaintiff's July 23, 2010 Answer to Defendant's Counterclaim.

Exhibit E:   Green Apple BBQ's July 29, 2010 Response to Defendant's subpoena.


_Felice B. Ekelman_

Felice B. Ekelman


Sworn to and subscribed before me
this 13th day of August 2010

Notary Public

Ravindra K Shaw
Notary Public, State of New York
No. 02SH6197267
Qualified in New York County
Commission Expires November 24, 2012

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOEL RAMIREZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>BJ    DISTRIBUTION,    LLC,    d/b/a<br>BROTHER JIMMY'S BBQ, and JIMMY<br>GOLDMAN,<br><br>                    Defendants. | Civil Action No. 10 Civ 1169<br><br>**DEFENDANT BJ DISTRIBUTION , LLC<br>d/b/a BROTHER JIMMY'S BBQ'S<br>ANSWER AND AFFIRMATIVE AND<br>OTHER DEFENSES TO PLAINTIFF'S<br>CLASS ACTION COMPLAINT** |

Defendant BJ Distribution, LLC d/b/a Brother Jimmy's BBQ, ("Defendant"), by and through its attorneys Jackson Lewis LLP, for its Answer and Affirmative and Other Defenses to Plaintiff's Complaint (the "Complaint") respectfully alleges as follows:

## AS AND FOR "JURISDICTION AND VENUE"

1.      No response is required to the allegations set forth in Paragraph "1" of the Complaint.

2.      Paragraph "2" of the Complaint contains conclusions of law only and therefore no response is required.  To the extent a response is required, Defendant admits that Plaintiff alleges that the Court has jurisdiction over Plaintiff's claims as set forth in Paragraph "2" of the Complaint.

3.      Paragraph "3" of the Complaint contains conclusions of law only and therefore no response is required.  To the extent a response is required, Defendant admits that Plaintiff alleges that venue is proper.

1

## AS AND FOR "THE PARTIES"

4.      Defendant denies the allegations set forth in Paragraph "4" of the Complaint.

5.      Defendant denies the allegations set forth in Paragraph "5" of the Complaint.

6.      Paragraph "6" of the Complaint contains conclusions of law only and therefore no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph "6" of the Complaint.

7.      Defendant denies the allegations set forth in Paragraph "7" of the Complaint.

## AS AND FOR "FACTS"

8.      Defendant denies the allegations set forth in Paragraph "8" of the Complaint.

9.      Defendant denies the allegations set forth in Paragraph "9" of the Complaint.

10.     Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

11.     Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

12.     Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13.     Defendant denies that Plaintiff was entitled to spread of hours pay.

2

## AS AND FOR "FIRST CLAIM FOR RELIEF"

14.     Defendant repeats and realleges each and every response to Paragraphs "1" through "13" of the Complaint as if set forth fully herein.

15.     Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16.     Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18.     No response is required to the allegations set forth in Paragraph "18" of the Complaint.

## AS AND FOR "SECOND CLAIM FOR RELIEF"

19.     Defendant repeats and realleges each and every response to Paragraphs "1" through "18" of the Complaint as if set forth fully herein.

20.     Paragraph "20" of the Complaint contains conclusions of law only and therefore no response is required.

21.     Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22.     Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

## AS AND FOR "THIRD CLAIM FOR RELIEF"

23.     Defendant repeats and realleges each and every response to Paragraphs

3

"1" through "22" of the Complaint as if set forth fully herein.

24.    Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25.    Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26.    Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have:

## AS AND FOR A FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations period.

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the de minimus doctrine.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A FIFTH DEFENSE

The Complaint is barred, in whole or in part, pursuant, inter alia, to the Portal-to-

Portal Act and the FLSA.

## AS AND FOR A SIXTH DEFENSE

Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

## AS AND FOR AN SEVENTH DEFENSE

Plaintiff's claims for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

## AS AND FOR AN EIGHTH DEFENSE

Payments to Plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

## AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA.

## AS AND FOR A TENTH DEFENSE

Plaintiff cannot establish a willful violation under the FLSA or the New York Labor Law.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff is exempt from the overtime requirements of the FLSA and the New York Labor Law.

## AS AND FOR A TWELFTH DEFENSE

In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendant prays that the Court enter a judgment:

1.   dismissing the Complaint in its entirety and with prejudice;

2.   granting Defendant its costs, including attorneys' fees, incurred in this action; and

3.   granting such other and further relief as the Court may deem just and proper.

## DEFENDANT'S COUNTERCLAIM

## PARTIES

1.   Defendant BJ Distribution, LLC d/b/a Brother Jimmy's BBQ ("Brother Jimmy's") is a corporation duly formed under the laws of the State of Delaware with its place of business located in New York, New York.

2.   Upon information and belief, Noel Ramirez ("Ramirez") is an individual who is a citizen and resident of the State of New York.

## JURISDICTION AND VENUE

3.   This Court has supplemental jurisdiction in this case pursuant to 28 U.S. C. § 1367.

4.   Venue in this Court is proper pursuant to 29 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

5.  Ramirez worked in Brother Jimmy's commissary which provides food to Brother Jimmy's BBQ restaurants in Manhattan.

6.  Ramirez was responsible for overseeing the operations of the smoke pit and directing the work of employees who worked in Brother Jimmy's commissary.

7.  Ramirez's job responsibilities included ensuring the meat was properly smoked, a unique skill which Ramirez acquired over time during his employment by Brother Jimmy's.

8.  As a result of his unique skill, Brother Jimmy's paid Ramirez substantial compensation.

9.  By virtue of his position with Brother Jimmy's, Ramirez had access to and worked with Brother Jimmy's unique and proprietary recipes.

10. These recipes were created by Brother Jimmy's at its great investment and expense.

11. Ramirez was responsible for ordering food and supplies for Brother Jimmy's commissary.

12. By virtue of his position with Brother Jimmy's, Ramirez had access to and knew the vendors and suppliers who worked with Brother Jimmy's commissary.

13. On or about March 19, 2008, Brunch Green Apple Catering and BBQ, Inc. ("Green Apple BBQ") registered as a business with the New York State Department of State, Division of Corporations.

14. The registered agent for Green Apple BBQ is Abdias Ramirez.

7

15. Abdias Ramirez is Noel Ramirez's brother.

16. Abdias Ramirez is a former Brother Jimmy's employee.

17. Green Apple BBQ serves barbeque style cuisine.

18. Much of Green Apple BBQ's menu contains items offered on Brother Jimmy's menus that are unique to Brother Jimmy's.

19. For example, Green Apple BBQ's menu features a "Pulled Pork sandwich w/carolina sauce." Brother Jimmy's menu features Carolina Pulled Pork "with brother jimmy's carolina sauce."

20. Upon information and belief, Green Apple BBQ acquired and is using without permission Brother Jimmy's unique recipes from Plaintiff during Plaintiff's employment by Brother Jimmy's.

21. Upon information and belief, Green Apple BBQ is utilizing Brother Jimmy's food (and other) suppliers and vendors to replicate its recipes.

22. During the course of his employment by Brother Jimmy's, Ramirez regularly ordered bread for Brother Jimmy's from Brooklyn Bread Co., which it serves at its restaurants.

23. Upon information and belief, Green Apple BBQ purchases bread from Brooklyn Bread Co. which it serves at its restaurant.

24. In addition, while still employed by Brother Jimmy's, Ramirez contacted Brother Jimmy's meat vendor, Barry Lutsky of Martin Lutsky, Inc., to ask him to supply to Green Apple BBQ with the same cuts of meat that Lutsky supplies to Brother Jimmy's.

25. Having done so, Plaintiff breached his duty of loyalty to Brother Jimmy's.

26. On or about November 3, 2009, Brother Jimmy's met with Ramirez and Abdias Ramirez to discuss their conduct.

27. Ramirez did not deny having engaged in the foregoing activities.

28. As a result of his disloyalty, Brother Jimmy's terminated Ramirez's employment in November 2009.

## AS AND FOR THE FIRST COUNTERCLAIM

## BREACH OF DUTY OF LOYALTY

53.     Brother Jimmy's repeats and incorporates by reference all preceding paragraphs as though fully set forth herein.

54.     Under New York law, Ramirez was charged with a duty of loyalty to his employer.

55.     Ramirez's disloyal actions while employed and during the performance of his duties, included, but are not limited to the following: providing Green Apple BBQ with Brother Jimmy's unique and proprietary recipes and providing Green Apple BBQ with information about and contacting Brother Jimmy's suppliers and vendors.

56.     All of the foregoing conduct put Ramirez's interest ahead of those of Brother Jimmy's, his employer that paid him substantial compensation to act exclusively in its interest.

57.     Ramirez breached his duty of loyalty to Brother Jimmy's by failing to serve Brother Jimmy's faithfully.

58.     As a faithless servant, Ramirez is required to disgorge all compensation paid to him by Brother Jimmy's from the date of his first disloyal act, which, upon information

9

and belief first occurred prior to March 19, 2008 and continued through the date of his termination in November 2009, in addition to punitive damages and other equitable and legal relief.

WHEREFORE, Counterclaimant BJ Distribution, LLC d/b/a Brother Jimmy's BBQ demands judgment against Counterclaim Defendant Noel Ramirez as follows:

1.    On the First Cause of Action, for compensatory, consequential and punitive damages in an amount to be determined at trial but not less than One Million Dollars ($1,000,000), plus lawful interest, costs and reasonable attorneys' fees; and

2.    On the First Cause of Action, for such other and further equitable and legal relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Counterclaimant BJ Distribution, LLC d/b/a Brother Jimmy's BBQ hereby demands a trial by jury in connection with its Counterclaim against Noel Ramirez on all issues so triable.

Dated: March 26, 2010
      New York, New York

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane, 39th Floor
New York, New York 10038-4502
(212) 545-4000

By:    _____/s/ Felice B. Ekelman_____
Felice B. Ekelman (FE 5692)
Allison C. Spivak (AS 1628)

ATTORNEYS FOR DEFENDANT BJ
DISTRIBUTION, LLC d/b/a BROTHER JIMMY'S
BBQ

10

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2010, a true and correct copy of Defendant BJ Distribution, LLC d/b/a Brother Jimmy's BBQ's Answer and Affirmative and Other Defenses To Plaintiff's Complaint was served upon Plaintiff's counsel of record, D. Maimon Kirschenbaum, Esq., via electronic filing, 757 Third Avenue, 25th Floor, New York, New York 10017.

By: _____ */s/ Allison Spivak* _____ ____
Allison C. Spivak

11

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                           :

NOEL RAMIREZ,
                                          :

                       Plaintiff,    :

   -against-                      :

BJ DISTRIBUTION, LLC, d/b/a BROTHER    :
JIMMY'S BBQ, and JIMMY GOLDMAN,
                                           :

                    Defendants.   :

------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 6/29/10

**<u>ORDER DENYING MOTION</u>**
**<u>TO DISMISS COUNTERCLAIMS</u>**

10 Civ. 1169 (AKH)

       Plaintiff, a former employee of Defendants, brings this action under the Fair Labor Standards Act, the New York Labor Law, and the New York Minimum Wage Act, alleging that Defendants failed to pay overtime wages and spread of hours. Defendants have answered the complaint and asserted counterclaims alleging that Plaintiff breached his duty of loyalty to his employer. Plaintiff moved to dismiss the counterclaims for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

       Plaintiff's motion is denied. Defendants state a claim for relief. The counterclaims raise issues of fact that are not properly resolved on a Rule 12 motion.

       The Clerk shall mark the motion (Doc. No. 8) terminated.

       SO ORDERED.

Dated:    June 28, 2010
         New York, New York

                                 ALVIN K. HELLERSTEIN
                                 United States District Judge

1

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOEL RAMIREZ,<br><br>     Plaintiff,<br><br>   v.<br><br>BJ DISTRIBUTION, LLC, d/b/a<br>BROTHER JIMMY'S BBQ, and JIMMY<br>GOLDMAN,<br><br>     Defendants. | Civil Action No. 10 Civ 1169<br><br>**SUBPOENA** |

TO:  Green Apple BBQ
    362 East 112th Street
    East Harlem New York 10029
    ATTN: Custodian of Records

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE EXHIBIT 'A'

| PLACE Jackson Lewis LLP, 59 Maiden Lane, New York, NY  10038 | DATE AND TIME August 5 @ 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED TO permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Felice B. Ehrli*  Attorney for Defendant | DATE  July 15, 2010 |
|---|---|

(See Federal Rule of Civil Procedure 45, (c), (d), and (e) on next page)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding, Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person, except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a traveling from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested of a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend a trial,
(C) Specifying Conditions as an Alternative. In the circumstances described in rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) DUTIES IN RESPONDING TO SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or

must organize and label them to correspond with the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not providing of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT "A"

1. Any and all documents in the possession, custody or control of Green Apple BBQ, its employees or designees regarding Noel Ramirez.

2. Any and all documents relating to Green Apple BBQ recipes.

3. Any and all invoices from vendors regarding food purchases.

4. Any and all documents reflecting goods Green Apple BBQ ordered from food vendors.

5. Any and all documents reflecting all food vendors Green Apple BBQ contacted or retained.

6. Any and all Green Apple BBQ menus, including drafts from the time to restaurant opened through the present.

7. Any and all documents reflecting payments made by Green Apple BBQ to Noel Ramirez.

8. Any and all documents reflecting any work performed or services rendered by Noel Ramirez to or on behalf of Green Apple BBQ.

9. Any and all documents reflecting loans Noel Ramirez paid on behalf of Green Apple BBQ.

10. Any and all documents reflecting any money paid by Noel Ramirez to or on behalf of Green Apple BBQ.

11. Any and all documents which reflect the ownership of Green Apple BBQ.

12. Any and all general ledgers from Green Apple BBQ reflecting any supplies and/or food purchased.

**DLS**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
NOEL RAMIREZ,

        Plaintiff,

        v.

BJ DISTRIBUTION, LLC, d/b/a BROTHER
JIMMY'S BBQ, and JIMMY GOLDMAN,

        Defendants.
------------------------------------------------------X

Civil Action No. 10 Civ 1169

AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                 S.S.:
COUNTY OF NEW YORK)

        DARRYL GREEN, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, D.L.S., INC., and is not a party to this action.

        That on the 16th day of July, 2010, at approximately 4:35 pm, deponent served a true copy of the **SUBPOENA** upon **GREEN APPLE BBQ** at 362 East 112th Street, East Harlem, NY, by personally delivering and leaving the same with **MS. PEREZ (Refused to reveal last name)**, who informed deponent that she is an Assistant Manager authorized by appointment to receive service at that address.

        Ms. Perez is a Latina female, approximately 35 years of age, stands approximately 5 feet 6 inches tall, weighs approximately 130 pounds with black hair and brown eyes.

DARRYL GREEN, # 0866535

Sworn to before me this
20th day of July, 2010

NOTARY PUBLIC

JONATHAN T. RIPPS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2012

D.L.S., Inc.
01 Broadway
te 510
IY, NY 10013
12-925-1220
www.dlsny.com

# EXHIBIT D

D. Maimon Kirschenbaum
Denise A. Schulman
Charles Joseph
JOSEPH, HERZFELD, HESTER, &
KIRSCHENBAUM, LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**NOEL RAMIREZ**

           **Plaintiff,**

      **v.**

**BJ DISTRIBUTION, LLC, d/b/a BROTHER**
**JIMMY'S BBQ, and JIMMY GOLDMAN**

           **Defendants.**
-----------------------------------------------------------x

            **ANSWER TO DEENDANT'S**
            **COUNTERCLAIM**

Plaintiff/counterclaim defendant Noel Ramirez ("Plaintiff"), by and through his attorneys

Joseph, Herzfeld, Hester & Kirschenbaum LLP, says by way of answer to the counterclaims of

Defendant/Counterclaimant BJ Distribution, LLC ("Defendant"):

## PARTIES AND JURISDICTION

    1.    Plaintiff denies the allegation in Paragraph 1 of Defendant's counterclaim that

Defendant BJ Distribution, LLC is a corporation and admits all other allegations in Paragraph 1.

    2.    Plaintiff admits the allegations in Paragraph 2 of Defendant's counterclaim.

## JURISDICTION AND VENUE

3.     Paragraph 3 of Defendant's counterclaim contains conclusions of law only and therefore no response is required.  To the extent a response is required, Plaintiff admits that Defendant alleges that the Court has jurisdiction over its counterclaim as set forth in Paragraph 1 of its counterclaim.

4.     Paragraph 4 of Defendant's counterclaim contains conclusions of law only and therefore no response is required.  To the extent that a response is required, Plaintiff admits that Defendant alleges that venue is proper.

## FACTUAL ALLEGATIONS

5.     Plaintiff admits the allegations in Paragraph 5 of Defendant's counterclaim.

6.     Plaintiff denies the allegations in Paragraph 6 of Defendant's counterclaim.

7.     Plaintiff admits the allegation in Paragraph 7 of Defendant's counterclaim that his job responsibilities included ensuring that meat was properly smoked and denies all other allegations in Paragraph 7 of Defendant's counterclaim.

8.     Plaintiff denies the allegations in Paragraph 8 of Defendant's counterclaim.

9.     Plaintiff admits the allegation in Paragraph 9 of Defendant's counterclaim that he had access to Brother Jimmy's recipes and denies all other allegations in Paragraph 9 of Defendant's counterclaim.

10.     Plaintiff lacks knowledge or information sufficient to form a belief about the truthfulness of the allegations in Paragraph 10 of Defendant's counterclaim.

11.     Plaintiff admits the allegations in Paragraph 11 of Defendant's counterclaim.

12.     Plaintiff admits the allegations in Paragraph 12 of Defendant's counterclaim.

13.     Plaintiff lacks knowledge or information sufficient to form a belief about the truthfulness of the allegations in Paragraph 13 of Defendant's counterclaim.

14.     Plaintiff lacks knowledge or information sufficient to form a belief about the truthfulness of the allegations in Paragraph 14 of Defendant's counterclaim.

15.     Plaintiff admits the allegations in Paragraph 15 of Defendant's counterclaim.

16.     Plaintiff admits the allegations in Paragraph 16 of Defendant's counterclaim.

17.     Plaintiff admits the allegations in Paragraph 17 of Defendant's counterclaim.

18.     Plaintiff lacks knowledge or information sufficient to form a belief about the truthfulness of the allegations in Paragraph 18 of Defendant's counterclaim.

19.     Plaintiff admits the allegations in Paragraph 19 of Defendant's counterclaim.

20.     Plaintiff denies the allegations in Paragraph 20 of Defendant's counterclaim.

21.     Plaintiff denies the allegations in Paragraph 21 of Defendant's counterclaim.

22.     Plaintiff denies the allegations in Paragraph 22 of Defendant's counterclaim.

23.     Plaintiff denies the allegations in Paragraph 23 of Defendant's counterclaim.

24.     Plaintiff admits the allegations in Paragraph 24 of Defendant's counterclaim.

25.     Paragraph 25 of Defendant's counterclaim contains conclusions of law to which no response is required.  To the extent that a response is required, Plaintiff denies the allegations in Paragraph 25 of Defendant's counterclaim.

26.     Plaintiff admits the allegation in Paragraph 26 of Defendant's counterclaim that he met with Defendant's representative on or around November 3, 2009 and denies all other allegations in Paragraph 26 of Defendant's counterclaim.

27.     Plaintiff denies the allegations in Paragraph 27 of Defendant's counterclaim.

28.     Plaintiff admits the allegation in Paragraph 28 of Defendant's counterclaim that Defendant terminated his employment in November 2009 and denies all other allegations in Paragraph 28 of Defendant's counterclaim.

## AS AND FOR THE FIRST COUNTERCLAIM

## BREACH OF DUTY OF LOYALTY

53.     Plaintiff realleges and incorporates by reference all previous paragraphs.[1]

54.     Paragraph 54 of Defendant's counterclaim contains conclusions of law to which no response is required.  To the extent that a response is required, Plaintiff denies the allegations in Paragraph 54.

55.     Plaintiff denies the allegations in Paragraph 55 of Defendant's counterclaim.

56.     Plaintiff denies the allegations in Paragraph 56 of Defendant's counterclaim.

57.     Plaintiff denies the allegations in Paragraph 57 of Defendant's counterclaim.

58.     Plaintiff denies the allegations in Paragraph 58 of Defendant's counterclaim.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any and all acts complained of, and all injuries allegedly resulting therefrom, were the result of the sole breach, negligence, and violation of the Defendant/Counterclaimant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff did not violate any duty owing to the Defendant/Counterclaimant.

---

[1] Defendant's counterclaim omitted Paragraphs 29 through 52.

4

## FOURTH AFFIRMATIVE DEFENSE

Defendant/Counterclaimant failed to mitigate any damages it might have sustained.

## FIFTH AFFIRMATIVE DEFENSE

Defendant/Counterclaimant has suffered no damages based on Plaintiff's alleged acts.

## SIXTH AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The counterclaim is barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaimant has not sustained injury to the extent for which damages are sought.

## ELEVENTH AFFIRMATIVE DEFENSE

The counterclaim should be dismissed because it is frivolous.

## TWELFTH AFFIRMATIVE DEFENSE

Punitive damages are not available for some or all of the counterclaims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Attorneys' fees are not available for some or all of the counterclaims.

## FOURTEENTH AFFIRMATIVE DEFENSE

The counterclaim is barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

The counterclaim is barred by the failure to join necessary and indispensable parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

The counterclaim is a retaliatory act by Defendant and Plaintiff is entitled to attorneys' fees and costs associated with defending the counterclaims.

WHEREFORE Plaintiff demands judgment against the Defendant/Counterclaimant and requests that the counterclaim be dismissed with prejudice and that Plaintiff be awarded attorneys' fees, costs, and disbursements incurred in having to defend against the counterclaims.

Dated:  New York, New York
        July 23, 2009

Respectfully submitted,

JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP

By: /s/ Denise A. Schulman
      Denise A. Schulman

D. Maimon Kirschenbaum
Charles Joseph
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff/counterclaim Defendant*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# EXHIBIT E

D. Maimon Kirschenbaum (DK-2338)
Joseph, Herzfeld, Hester & Kirschenbaum LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                              :
NOEL RAMIREZ,                                 :       Index No.: 10Civ1169
                      Plaintiff,              :
                                              :
                                              :
                                              :
                                              :
                                              :
              -against-                       :
                                              :
BJ DISTRIBUTION, LLC, d/b/a BROTHER JIMMY'S   :
BBQ, AND JIMMY GOLDMAN,                       :
                                              :
                      Defendants.             :
                                              :
-----------------------------------------------------------------x
```

## GREEN APPLE BBQ'S RESPONSE TO DEFENDANTS' SUBPOENA

Pursuant to the Federal Rules of Civil Procedure, Green Apple BBQ, by and through his

attorneys, Joseph, Herzfeld, Hester & Kirschenbaum LLP, hereby respond and object to

Defendants' Subpoena to Green Apple BBQ.

## GENERAL OBJECTIONS

The following General Objections are incorporated into each Specific Objection and

Response below as if set forth in full responses to each individually numbered Request.  The

failure to specifically incorporate a General Objection shall not be construed as a waiver of the

same.

1

1. Green Apple BBQ objects to each and every request for production herein to the extent that it seeks information or documents protected by any privilege or protection from discovery, including but not limited to the attorney-client privilege and the work-product doctrine. The inadvertent production of any material protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver. Green Apple BBQ reserves the right to assert all applicable privileges and protections from production.

2. Green Apple BBQ objects to the requests for production to the extent that they seek to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure and/or the Local Rules for the Southern District of New York.

3. Green Apple BBQ objects to each and every request for production to the extent that the definitions, instructions, or specific requests are vague, ambiguous, overly broad, and/or unduly burdensome.

4. Green Apple BBQ objects to each and every request for production to the extent that it seeks information that is a matter of public record or equally available to Defendants.

5. Green Apple BBQ objects to each and every request for production to the extent that it calls for an expert opinion on the ground that it violates the work-product doctrine.

6. Green Apple BBQ objects to each and every request for production to the extent that it seeks Green Apple BBQ's confidential and proprietary information, the disclosure of which will or may cause harm to Green Apple BBQ.

7. Green Apple BBQ objects to each and every request for production as overly broad, unduly burdensome, and oppressive, insofar as it seeks information which is in the custody, possession, or control of Defendants or their agents, or is equally available to the public.

8. Green Apple BBQ objects to each and every request for production to the extent that it is overly broad, unduly burdensome, and oppressive, where the request for production requests the identification of "all" documents when all relevant facts can be obtained from fewer than "all documents."

9. Green Apple BBQ objects to each and every request for production to the extent that it is overly broad and unduly burdensome by requesting documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

10. Green Apple BBQ objects to each and every request for production to the extent that it is vague or ambiguous.

11. Green Apple BBQ objects to each and every request for production to the extent that it is overly broad, unduly burdensome, or oppressive.

12. Green Apple BBQ objects to each and every request for production to the extent that it requires Green Apple BBQ to produce documents not within Green Apple BBQ's possession, custody, or control.  Unless otherwise specified, Green Apple BBQ will not produce any documents in the possession, custody, and control of any third party, including any agent or outside attorney of Green Apple BBQ.

13. Green Apple BBQ objects to each and every request for production to the extent that it seeks information without any limitation to the time period relevant to this action.

3

14. In making these objections, Green Apple BBQ does not in any way waive, or intend to waive, but rather intend to preserve and are preserving:

    a.  All objections as to competency, relevancy, materiality, and admissibility of any information that may be provided in response to the Request for Production, or the subject matter thereof;

    b.  All rights to object on any ground to the use of any information that may be provided in response to the Request for Production, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other matter; and

    c.  All rights to object on any ground to any request for further responses to the Request for Production or any other document request.

15. Green Apple BBQ's objections herein and the production of any documents by Green Apple BBQ pursuant to the Request for Production are not intended to waive or prejudice any objections or privileges Green Apple BBQ may later assert, without limitation.

16. Green Apple BBQ reserves the right to supplement, amend, correct, or clarify the responses and objections to the Request for Production.

In addition to the General Objections set forth above, Green Apple BBQ sets forth below Specific Objections to individual requests where appropriate, including objections that are not generally applicable to all of the requests. By setting forth such Specific Objections, Green Apple BBQ does not intend to limit the General Objections set forth above. To the extent that Green Apple BBQ responds to requests to which he objects, such objections are not waived by a response.

4

The information provided herein is based upon, and is therefore limited by, the records and information in existence, presently collected and thus far discovered in the course of the preparation of these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request 1:** Any and all documents in the possession, custody or control of Green Apple BBQ, its employees or designees regarding Noel Ramirez.

**Response to Request 1:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 2:** Any and all documents relating to Green Apple BBQ recipes.

**Response to Request 2:** Green Apple BBQs object to this document production request to the extent that it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is intended to harass Green Apple BBQ, and seeks potentially proprietary and confidential information.

**Request 3:** Any and all invoices from Vendors regarding food purchases.

**Response to Request 3:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 4:** Any and all documents reflecting goods Green Apple BBQ ordered from food vendors.

**Response to Request 4:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 5:** Any and all documents reflecting all food vendors Green Apple BBQ contacted or retained.

**Response to Request 5:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 6:** Any and all Green Apple BBQ menus, including drafts from the time the restaurant opened through the present.

**Response to Request 6:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 7:** Any and all documents reflecting payments made by Green Apple BBQ to Noel Ramirez.

**Response to Request 7:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 8:** Any and all documents reflecting any work performed or services rendered by Noel Ramirez to or on behalf of Green Apple BBQ.

**Response to Request 8:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 9:** Any and all documents reflecting loans Noel Ramirez paid on behalf of Green Apple BBQ.

**Response to Request 9:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 10:** Any and all documents reflecting any money paid by Noel Ramirez to or on behalf of Green Apple BBQ.

**Response to Request 10:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 11:** Any and all documents which reflect the ownership of Green Apple BBQ.

**Response to Request 11:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

**Request 12:** Any and all general ledgers from Green Apple BBQ reflecting any supplies and/or food purchased.

**Response to Request 12:** Green Apple BBQ objects to this request because it is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass Green Apple BBQ.

Dated:  July ___, 2010
      New York, NY 10017

                                JOSEPH, HERZFELD, HESTER &
                                KIRSCHENBAUM LLP

                                By: _____
                                D. Maimon Kirschenbaum (DK-2338)
                                757 Third Avenue, 25th Floor
                                New York, NY 10017
                                (212) 688-5640
                                (212) 688-2548 (fax)

## CERTIFICATE OF SERVICE

I, Maimon Kirschenbaum, do hereby certify that on this date a copy of the foregoing "Green Apple BBQ's Response to Defendants' Subpoena" was forwarded by e-mail and first class mail, postage prepaid, to all parties of record, as follows:

Felice Eckelman, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038


Dated: July 29, 20010
New York, New York

Maimon Kirschenbaum

8